IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 MAR -5  PM 4: 10

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

WILLIAM KOGER, JR. and BETTY KOGER,
           **Plaintiffs,**

-vs-

CITIMORTGAGE, INC.; LOUISE GRAHAM;
and FEDERAL HOME LOAN MORTGAGE
CORPORATION,
           **Defendants.**

Case No. A-14-CA-106-SS

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation's Motion to Dismiss [#5], Plaintiffs William Koger, Jr., and Betty Koger's Response [#7], and Defendants' Reply [#8]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to dismiss.

### Background

This is a suit challenging Defendants' foreclosure on the real property located at 805 North Avenue E, Elgin, Texas 78621. The Kogers purchased the property in 2007, and simultaneously executed a Note and Deed of Trust in favor of Capitol Credit Union. The Deed of Trust named MERS as the beneficiary and nominee for the original lender. The Kogers allege Capitol Credit subsequently sold its servicing rights to CitiMortgage. On June 22, 2010, MERS assigned the deed of trust to CitiMortgage.

The Kogers defaulted in July 2009, and sought a loan modification. They entered into a loan modification agreement on August 20, 2010. The Kogers contend their monthly payments rose unexpectedly and "without explanation" in October 2011, leading them to apply for another loan modification. On May 30, 2012, CitiMortgage appointed Louise Graham as one of the substitute trustees under the Deed of Trust. The property was sold at a foreclosure sale on July 3, 2012.

William Koger previously filed suit against CitiMortgage and Capital Credit in Texas state court on August 14, 2012. CitiMortgage removed the case to this Court, and Koger voluntarily dismissed the case within one week. *See Koger v. CitiMortgage, Inc.*, No. 1:13-CV-664-SS (W.D. Tex. Aug. 14, 2013). The Kogers refiled this suit in Texas state court on December 26, 2013, alleging most of the same causes of action, including: (1) quiet title; (2) violations of the Texas fraudulent presentment statute; (3) violations of the Texas Debt Collection Act (TDCA); and (4) promissory estoppel. CitiMortgage again removed on the basis of diversity jurisdiction, and now moves to dismiss.

## Analysis

### I.   Motion to Dismiss—Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   Application

The premise underlying most of the Kogers' claims is the allegation CitiMortgage lacked authority to foreclose because it could not appoint Graham as the substitute trustee, or did so improperly. This premise is flawed in several ways, all of which doom most of the Kogers' claims. The Court addresses these underlying flaws first, before turning briefly to the Kogers' specific causes of action.

The Kogers first allege the appointment of Graham as the substitute trustee was not effective until July 16, 2012, the date it was recorded—and *after* the foreclosure sale had occurred. The Kogers' argument presumes recording a substitute trustee appointment is necessary for it to be valid, but neither the Deed of Trust nor any Texas law requires as much. Instead, the appointment was effective on May 30, 2012, the date it was executed. The Kogers' argument invokes Texas Local Government Code section 192.007(a), but that section is irrelevant to the appointment of a substitute trustee and imposes no recording obligation relevant to this case. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 n.7 (5th Cir. 2013) ("[T]his obscure provision has never been cited in a state court decision and is best read as a procedural directive to county clerks, not as a prerequisite to the validity of assignments."); *see also Hudson v. JP Morgan Chase Bank, N.A.*, 541 F. App'x 380, 383–84 (5th Cir. 2013) (unpublished) (affirming dismissal and holding section 192.007 does not impose a duty to record assignments).

The Kogers argue, in the alternative, the fact CitiMortgage allegedly mailed the notice of the substitute trustee's sale on May 29, 2012—the day before Graham's appointment—proves Graham could not authorize the sale. The specific sequence of events is not decisive, because under Texas law trustees may ratify and affirm actions taken prior to appointment. *See, e.g., Chandler v. Guaranty Mortg. Co.*, 89 S.W.2d 250, 254 (Tex. Civ. App.—San Antonio 1935, no writ); *Wilson v. Armstrong*, 236 S.W. 755, 760 (Tex. Civ. App.—Beaumont 1921, no writ); *see also Bernal-Bell v. Saxon Mortg. Servs., Inc.*, No. 04-10-099-CV, 2010 WL 3250115, at *2–3 (Tex. App.—San Antonio Aug. 18, 2010) (mem. op., not designated for publication) (affirming district court's denial of temporary injunction where trustee was not appointed until after notices of acceleration and sale were mailed); *Benser v. G.E. Capital Mortg. Servs., Inc.*, No. 05-93-995-CV, 1994 WL 156245, at

*4 (Tex. App.—Dallas Apr. 25, 1994, writ denied) (mem. op., not designated for publication) (affirming grant of summary judgment despite trustee executing notice of sale prior to appointment). Thus the mere fact the notice was mailed one day early did not deprive Graham of her authority as trustee, nor CitiMortgage of its authority to foreclose.

Third and finally, the Kogers contend CitiMortgage lacked authority to appoint Graham because CitiMortgage did not hold the Note, and MERS could not validly assign the Deed of Trust to CitiMortgage. Initially, these claims are defeated by the Kogers' own pleading, which specifically alleges Capitol Credit sold its servicing rights to CitiMortgage, meaning CitiMortgage could appoint a trustee in its capacity as mortgage servicer. *See* TEX. PROP. CODE § 51.0075(c), (d). But even without such a concession, the Kogers' theory finds no support in Texas law, as courts have repeatedly held possession of the Note is not required to foreclose under Texas law, and MERS may validly assign deeds of trust. *E.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013); *Reinagel*, 735 F.3d at 228 n.30 (citing *Martins*, 722 F.3d at 255); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-644-CV, 2012 WL 3793190, at *3–4 (Tex. App.—Austin Aug. 30, 2012, pet. filed, stayed pending bankruptcy) (mem. op., not designated for publication).

Most of the Kogers' claims rest on these three meritless positions, and without them, the Kogers cannot state viable claims.

## A.    Quiet Title

"The plaintiff in a suit to quiet title must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see her or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). The Kogers must also "prove and recover on the strength of [their] own title, not

the weakness of [their] adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.). Here, it is undisputed the Kogers' interest in the property is subject to the lien created by the Deed of Trust. It is also undisputed the Kogers defaulted on their mortgage and have not made all timely payments as required. The Kogers' arguments are based entirely on alleged weaknesses in Defendants' title, relying on the theories described above. Such allegations are insufficient to state a plausible quiet title claim. *See Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (unpublished) (affirming dismissal of complaint focusing "entirely on the alleged weaknesses of the defendants' interest in the property"); *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *2 (5th Cir. 2013) (unpublished) ("Because Morlock does not challenge the Deed of Trust's validity or otherwise assert title superior to that of Chase or MERS, Morlocks fails to advance a plausible quiet-title claim.").

**B.      Fraudulent Presentment**

The Kogers also allege Defendants violated Texas's fraudulent presentment statute, which imposes liability on any person who knowingly makes, uses, or presents a fraudulent lien or claim against real property with "intent that the document or other record be given the same legal effect as a court record" and with intent to cause injury to another person. TEX. CIV. PRAC. & REM. CODE § 12.002(a). The Kogers' meritless theories regarding the necessity of holding the Note, or MERS's inability to assign its rights in the Deed of Trust, fail to allege a plausible claim regarding Defendants' knowing use of any fraudulent lien or claim. Not only have the Kogers failed to plead any plausible basis for believing any of the allegedly covered documents to be fraudulent, but the Kogers also plead no facts showing Defendants created or used any of these documents with intent to injure the Kogers. *See Golden v. Wells Fargo Bank, N.A.*, No. 13-50158, 2014 WL 644549, at *3

(5th Cir. Feb. 20, 2014) (unpublished) ("The Goldens have not alleged any facts showing that their property would not be subject to foreclosure, even absent the assignment of the deed of trust to Wells Fargo. Therefore, they have failed to state a claim under Section 12.002.").

## C.   Texas Debt Collection Act

The Kogers allege Defendants violated various provisions of the TDCA generally prohibiting the use of fraudulent or deceptive practices in an attempt to collect on a debt. *See* TEX. FIN. CODE §§ 392.301(a)(8); 392.304(a)(8); 392.304(a)(14). The Kogers allege Defendants "threaten[ed] to take an action prohibited by law" by threatening to foreclose without authority. *See id.* § 392.301(a)(8). Because none of the Kogers' allegations demonstrate Defendants lacked authority to foreclose, they have failed to state a plausible claim for violation of this provision of the TDCA. The Kogers also allege Defendants "misrepresent[ed] the consumer debt's status in a judicial or governmental proceeding" by threatening to foreclose. *See id.* § 392.304(a)(8). This claim fails for the same reason—the inability to demonstrate a lack of authority to foreclose. It also fails because the Kogers do not identify any "judicial or governmental proceeding" involved in the *non-judicial* foreclosure of the property, or any actual misrepresentation about the status of the debt.

The Kogers' Response focuses on their section 392.304(a)(14) claim. That section prohibits a debt collector from "representing falsely the status or nature of the services rendered by the debt collector." *Id.* § 392.304(a)(14). The Kogers contend Defendants violated this provision by sending a letter requesting additional documents in support of the Kogers' latest loan modification request on the day of the foreclosure sale. They liken their claim to a claim upheld by the Fifth Circuit in *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723–24 (5th Cir. 2013). But the claim in *Miller* was qualitatively different: the Millers alleged the bank told them not to make payments, to

-7-

submit a modification by June 17, 2010, and added the representative had obtained approval to postpone the June 1 foreclosure sale. *Id.* at 724. The bank then foreclosed on June 1. *Id.* The Fifth Circuit held the bank had at least "promised to *consider* the [modification] application before foreclosing," but did not do so, which stated a claim under section 392.304(a)(14). *Id.*

Here, by contrast, the Kogers allege no such promise. The Kogers merely allege Defendants sent a letter requesting additional documentation on the day of the sale. Moreover, although the Kogers characterize the letter as concerning a loan modification, the letter itself (attached to the petition) says nothing about loan modifications or foreclosure, but is instead addressed to a "review of [the Kogers'] loan." Not. of Removal [#1-12], Ex. 12 (Am. Pet. Ex. E). Unlike the promises made in *Miller*, Defendants here are not alleged to have promised to delay foreclosure. A letter requesting additional documents is not, based on the facts pleaded by the Kogers, a false representation regarding Defendants' services. *See Gamez v. Wells Fargo Bank, N.A.*, No. 4:11-CV-919, 2013 WL 960464, at *6 (S.D. Tex. Mar. 12, 2013) (dismissing section 392.304(a)(14) claim based on allegation bank failed to modify loan); *Richardson v. Deutsche Bank Nat'l Trust Co.*, No. 4:11-CV-180-A, 2011 WL 5994317, at *7 (N.D. Tex. Nov. 28, 2011) (dismissing section 392.304(a)(14) claim where alleged promise to delay foreclosure pending modification review was unsupported by plain language of bank's letters to homeowner).

## D.    Promissory Estoppel

Finally, the Kogers plead a promissory estoppel cause of action on the theory Defendants made oral misrepresentations regarding the Kogers' loan modification. Specifically, the Kogers allege: "The loan agreement stated that if Plaintiffs complied with the trial requirements, that is make timely payments and provide all relevant documentation, then Plaintiffs would qualify [for a

modification].” Am. Pet. ¶ 49. The Kogers' own allegations thus reveal there was a written agreement between the parties, making promissory estoppel unavailable. *See Doctors Hosp. 1997, L.P. v. Sambuca Hous., L.P.*, 154 S.W.3d 634, 636 (Tex. App.—Houston [14th Dist.] 2004, pet. abated) (“For many years, Texas courts have held that promissory estoppel becomes available to a claimant only in the *absence* of a valid and enforceable contract.”). Further, the written agreement—signed by the Kogers and attached to their petition—plainly obligates the Kogers to make monthly payments for thirty years to pay off the total indebtedness. Not. of Removal [#1-11], Ex. 11 (Am. Pet. Ex. C). The agreement says nothing about a trial period or about delaying foreclosure (a claim raised by the Kogers in their Response, but not in their petition).

The Kogers allege for the first time in their response the attached loan agreement is not a valid contract because it is signed by MERS. Even if the Kogers are correct (which the Court doubts), the result would be homeowners attempting to enforce oral promises modifying their loan agreement, and any such promises must be in writing to be enforceable. TEX. BUS. & COM. CODE § 26.02. There is no allegation the promises here were reduced to writing. And the Kogers cannot invoke the exception to the statute of frauds for promises to sign a written agreement satisfying the statute because the Kogers do not allege Defendants ever promised to sign such an agreement. *See Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.—Dallas 2009 pet. dism'd w.o.j.) (vacating temporary injunction because statute of frauds barred oral loan modification promise and there was “no evidence the Bank promised to sign an existing writing satisfying the statute of frauds”). These facts distinguish the Kogers' case from the only authority they rely on. *See Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 F. App'x 394, 399 (5th Cir. 2013) (unpublished) (reversing Rule 12 dismissal of promissory estoppel claim where homeowner pleaded bank promised

-9-

to sign a written agreement, including specific allegation a draft agreement reflecting the promised terms had already been prepared).

## Conclusion

The Kogers have failed to state any claim upon which relief can be granted, and have not shown themselves entitled to any relief in either law or equity. Additionally, this is the second lawsuit brought by the Kogers against CitiMortgage concerning this property, and raising generally these same claims. The Kogers also amended their pleading at least once prior to removal. The Kogers do not request leave to amend, or identify any additional facts or causes of action they could plead. The Court therefore finds leave to amend would be futile in this case.

Accordingly,

IT IS ORDERED that Defendants CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation's Motion to Dismiss [#5] is GRANTED;

IT IS FURTHER ORDERED that all claims brought by Plaintiffs William Koger, Jr., and Betty Koger are DISMISSED WITH PREJUDICE.

SIGNED this the _5th_ day of March 2014.

*Sam Sparks*

SAM SPARKS
UNITED STATES DISTRICT JUDGE